UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BRIAN A VEALS #444532** | **CASE NO. 6:24-CV-01801 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JOHNNY HEDGEMON ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983, filed by pro se Plaintiff Brian A. Veals ("Veals"). Veals is incarcerated at B.B. Rayburn Correctional Center in Angie, Louisiana. He alleges the deprivation of medical care when housed at the St. Landry Parish Jail ("SLPJ") and East Carroll Detention Center ("ECDC"). Rec. Doc. 7.

### I. BACKGROUND

Veals alleges that he was denied medical care in January, October, and November 2022. Rec. Docs. 6 at 5; 7 at 6-7. He also asserts that in July 2023, he was "rushed to the hospital" for mental health treatment due to the physical and mental stress he endured from being denied care in 2022.

In an Amended Complaint, Veals alleges that in October and November 2024 and January 2025, Defendants opened and copied his legal mail before providing it to him. Rec. Doc. 7 at 11.

### II. LAW AND ANALYSIS

#### A. Veals's Complaint is subject to preliminary screening.

Veals is a prisoner who has been permitted to proceed *in forma pauperis*. Rec. Doc. 9. As a prisoner seeking redress from an officer or employee of a governmental entity, the Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d

1

578, 579-80 (5th Cir. 1998) (per curiam). Because Veals is proceeding *in forma pauperis*, the Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Veals's medical care claims are prescribed.

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018) (quotation marks and citation omitted). The limitations period in Louisiana was one year at the time of the alleged constitutional violation. *See* La. Civ. Code art. 3492[1]; *Gaspard v. United States*, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983).

Federal law determines the date a cause of action accrues. *See McDonough v. Smith,* 588 U.S. 109, 115 (2019). Generally, accrual begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). The plaintiff does not need to know that he has a legal cause of action; he only needs to know the facts that would support a legal claim. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Veals knew that he was denied medical care in January, October, and November of 2022. Thus, Veals's medical care claims accrued, at the latest, in November 2022. He had one year from

---

[1] The limitations period was changed to two years, but the statute only applies prospectively to incidents occuring after July 1, 2024. La. Civ. Code. Art. 3493.1.

that date within which to file a § 1983 lawsuit. However, Veals did not file suit until December 2024. Accordingly, his medical care claims are prescribed.[2]

### C. Veals fails to state a viable claim regarding his legal mail.

Veals alleges that Defendants opened his legal mail outside of his presence and made copies of the documents. Rec. Doc. 7 at 11. However, this claim does not rise to the level of a constitutional violation. *See Davis v. Baker*, 251 F. App'x 899 (5th Cir. 2007) (citing *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (claim that a prison official violated his constitutional rights by opening incoming legal mail outside plaintiff's presence is not cognizable under § 1983)); *Sandoval v. Fox*, 135 F. App'x 691, 692 (5th Cir. 2005) (plaintiff does not allege that he was deprived of his mail or that he suffered any actual harm as a result); *Sanders v. Klinger*, 100 F. App'x 957, 2004 WL 1284200 (5th Cir. 2004) (allegation that prison official opened prisoner's legal mail outside his presence, in violation of prison rules and his constitutional rights, was properly dismissed as frivolous); *Busby v. Dretke*, 359 F.3d 708, 722 n.15 (5th Cir. 2004) (opening and inspecting a prisoner's incoming legal mail outside of his presence does not violate the Constitution). Furthermore, Veals does not allege that he suffered an injury from the alleged violation.

### III. CONCLUSION

Because Veals's medical care claims are prescribed, and he fails to state a viable constitutional claim regarding his legal mail, IT IS RECOMMENDED that the Complaint (Rec. Docs. 6, 7) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(B) and 1915A.

---

[2] The limitations period is tolled while an inmate exhausts administrative remedies. *See Harris v. Hegmann*, 198 F. 3d 153, 158 (5th Cir. 1999). However, Veals did not seek administrative review of his medical care claims at SLPJ. Rec. Doc. 7 at 2. And although he filed a grievance at ECDC in November 2022, he received no response and sought no further review. *Id.*

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 26th day of August, 2025.

Carol B. Whitehurst
United States Magistrate Judge